UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOSE E. RAMOS, | : | |
| *Plaintiff*, | : | |
| | : | |
| v. | : | No. 3:18-cv-1669 (KAD) |
| | : | |
| DANNEL P. MALLOY, et al. | : | |
| *Defendants*. | : | November 6, 2018 |

## **INITIAL REVIEW ORDER**

On October 9, 2018, the plaintiff, Jose E. Ramos, an inmate currently confined at the MacDougall-Walker Correctional Institution in Suffield, Connecticut, brought a civil action *pro se* under 42 U.S.C. § 1983 against the Connecticut Governor Dannel P. Malloy, the state of Connecticut, Attorney General George Jepsen, State's Attorney Lawrence Tytla, Commissioner of Correction Scott Semple, and Warden William Mulligan. Compl. (Doc. No. 1). The plaintiff is suing the defendants for false arrest, malicious prosecution, and discovery violations stemming from his state criminal proceedings in September of 2012. *See id.* at ¶¶ 9-16, 19-25. He requests damages, declaratory relief, and immediate release from the custody of the state Department of Correction ("DOC"). *Id.* at ¶¶ 26-32. On October 26, 2018, Magistrate Judge William I. Garfinkel granted the plaintiff's motion to proceed *in forma pauperis*. *See* Order No. 8. For the following reasons, the complaint is dismissed with prejudice.

**Standard of Review**

Under 28 U.S.C. § 1915A, the Court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant

who is immune from such relief. Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic*, 550 U.S. at 570. Nevertheless, it is well-established that "[*p*]*ro se* complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of America*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).

**Discussion**

The plaintiff claims that he is "illegally detained" in DOC custody based on false criminal charges that were brought against him in September of 2012. Compl. ¶ 12. During his state criminal proceedings, he claims the defendants refused to provide him with discovery, particularly any proof that he committed the crimes charged. *See id.* at ¶¶ 13-14. State judicial records show that the plaintiff was convicted of murder on April 29, 2016 and sentenced to sixty years of imprisonment. *State v. Ramos*, No. KNL-CR12-0119499-T, Connecticut Superior Court, judicial district of New London, https://www.jud2.ct.gov/crdockets/CaseDetailDisp.aspx?source=Pending&Key-=e7f4ee8e-bb53-4e3d-9f1d-5cec400d44a8.

"[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a

2

conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. 28 U.S.C. §2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under §1983." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (state prisoner's § 1983 action is barred no matter the relief sought, no matter the target of prisoner's suit, if success in action would necessarily demonstrate invalidity of conviction or duration of sentence). Moreover, when a state prisoner challenges "the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment," his "sole federal remedy" is a petition for writ of habeas corpus under 28 U.S.C. § 2254. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).[1] Such relief cannot be sought through an action pursuant to §1983. *Id.*

Here the plaintiff seeks both damages as well as a "determination that he is entitled to immediate release or a speedier release from" his imprisonment. Insofar as it is manifest that the state conviction has not been invalidated his claims are therefore subject to dismissal pursuant to the principles set forth in both *Heck* and *Preiser*. Accordingly, the complaint is dismissed without prejudice to refile, if, in the future, the plaintiff succeeds in his efforts to have the state court conviction reversed, expunged,

---

[1] The court notes that the plaintiff recently filed a petition for writ of habeas corpus under § 2254 in this Court. *Ramos v. Semple*, No. 3:18-CV-1259. Therein, he challenges his 2016 murder conviction, the same state conviction underlying the § 1983 claims brought herein. *See id.*, Am. Pet. (Doc. No. 12-1).

invalidated or otherwise "called into question by the issuance of a federal writ of habeas corpus."

The clerk is directed to enter judgment in favor of the defendants and close this case.

It is so ordered.

Dated at Bridgeport, Connecticut this 6th day of November 2018.

_____/s/_____
Kari A. Dooley
United States District Judge